UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUDY LEWIS-WALLACE                                               CIVIL ACTION

VERSUS                                                           No. 18-1299

JEREMY JOHNSON ET AL.                                            SECTION I

## ORDER AND REASONS

Invoking the Court's diversity jurisdiction, defendants Wal-Mart Louisiana, LLC and Wal-Mart Stores Inc. (collectively, "Wal-Mart") removed[1] this case from the Orleans Parish Civil District Court to this Court on February 8, 2018. Plaintiff Judy Lewis-Wallace ("Wallace") now moves[2] the Court for a remand. Specifically, Wallace argues that Wal-Mart's removal was improper for two reasons: 1) complete diversity does not exist in the case, and 2) the removal was untimely.

Because Wallace's arguments fail, this case will remain on the Court's docket.

## I.

Wallace initiated her case against Wal-Mart in the Orleans Parish Civil District Court on October 27, 2017.[3] In her petition, Wallace alleges that she "suffered physical injuries to her head, her back, and her right shoulder, her neck and her right side" resulting from an alleged third-party criminal act on Wal-Mart's property in November 2016.[4] As compensation for these alleged injuries, Wallace

---

[1] R. Doc. No. 1.
[2] R. Doc. No. 8.
[3] R. Doc. No. 1-2, at 1.
[4] *Id.* at 2.

1

seeks damages for "[p]hysical and mental pain, suffering and disability (past, present and future)," "[m]edical expenses," and "[l]ost wages."[5]

Wal-Mart was served with Wallace's petition on November 7, 2017.[6] On November 21, 2017, Wal-Mart filed an answer and propounded discovery on Wallace.[7] Wallace fulfilled Wal-Mart's discovery request on February 6, 2018.[8] Wallace's response included medical bills totaling approximately $52,000 allegedly stemming from the incident at issue.[9] Wal-Mart removed the case two days later, on February 8, 2018.[10]

## II.

Wallace asserts that this case should be remanded to the Orleans Parish Civil District Court for lack of complete diversity of citizenship.[11] Wal-Mart disagrees, arguing that the lone defendant with Louisiana citizenship has yet to be served and so he should not be considered when determining whether complete diversity exists.[12]

Title 28, United States Code, § 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." Courts have long interpreted § 1332 to demand complete diversity. *See Lincoln Prop.*

---

[5] *Id.*
[6] R. Doc. No. 1, at 2.
[7] R. Doc. No. 11, at 2.
[8] *Id.*
[9] *Id.*; *see also* R. Doc. No. 1, at 2-3.
[10] *See id.*
[11] *See* R. Doc. No. 8-1, at 3.
[12] R. Doc. No. 11, at 4-5.

2

*Co. v. Roche*, 546 U.S. 81, 89 (2005) ("Since *Strawbridge v. Curtiss*, . . . we have read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants."). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)).

In her petition, Wallace names Jeremy Johnson ("Johnson") as a defendant.[13] Johnson is a Louisiana citizen[14] as is Wallace.[15] As such, Johnson's presence in the case would typically destroy complete diversity.

However, 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable . . . under section 1332(a) of [Title 28] *may not be removed* if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." (emphasis added). Looking to the plain language of § 1441(b)(2), Johnson's Louisiana citizenship can only serve as a bar to removal if he has been served. *See Leech v. 3M Co.*, 278 F. Supp. 3d 933, 941 (E.D. La. 2017) (Brown, J.) ("[T]he plain language of [28 U.S.C. § 1441(b)(2)] provides that the citizenship of an *unserved* forum defendant should not be considered in determining whether the forum defendant rule is satisfied."). "[C]ourts have virtually uniformly held that, where complete diversity exists between the parties, the presence of an unserved resident defendant does not prevent removal." *Colletti v. Bendix*, No. 16-

---

[13] R. Doc. No. 1-2, at 1.
[14] *Id.*
[15] *Id.*

3

308, 2016 WL 770646, at *2 (E.D. La. Feb. 29, 2016) (Lemelle, J.) (quoting *Stewart v. Auguillard Constr. Co.*, No. 09-6455, 2009 WL 5175217, at *3 (E.D. La. Dec. 18, 2009) (Lemmon, J.)). Since Johnson has never been served, either prior to or following removal,[16] Wal-Mart's removal will not fail for lack of complete diversity.

### III.

With respect to the timeliness of Wal-Mart's removal, 28 U.S.C. § 1446(b)(1) provides that "[t]he notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based." Wallace seizes on this language to assert that Wal-Mart's removal was untimely because, despite having been served on November 7, 2017, Wal-Mart did not remove the case until February 8, 2018—well outside § 1446(b)(1)'s 30-day window.[17]

Yet, there is an exception to the removal period established under § 1446(b)(1):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Wal-Mart argues that this exception applies and that its removal was therefore timely.[18]

### A.

---

[16] *See* R. Doc. No. 11, at 4-5.
[17] *See* R. Doc. No. 8-1, at 2-3.
[18] *See* R. Doc. No. 11, at 3-4.

4

Jurisdictional facts supporting removal, including the amount in controversy, are judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Under Louisiana law, plaintiffs may not attach numerical values to their alleged damages in their petitions. *See* La. Code Civ. Proc. art. 893. Therefore, where a district court's diversity jurisdiction serves as the basis for removal, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia*, 233 F.3d at 882 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

Defendants can meet this burden in two ways: "(1) by demonstrating that it was facially apparent from the allegations of the state court petition that the amount in controversy exceeded the $75,000.00 jurisdictional threshold, or (2) by offering summary-judgement type evidence of the facts in controversy, which support a finding that the requisite amount was in controversy." *Bienemy v. Hertz Corp.*, No. 16-15413, 2016 WL 6994200, at *2 (E.D. La. Nov. 30, 2016) (Morgan, J.) (internal quotation marks omitted).

"To determine whether it is facially apparent from a plaintiff's petition that the jurisdictional amount is satisfied," district courts generally consider "both the type and extent of the injuries alleged, the types of damages requested, and the presence or absence of factual allegations sufficient to establish the requisite likelihood, rather than a mere possibility, that damages will exceed $75,000." *Maze v. Protective Ind. Co.*, No. 16-15424, 2017 WL 164420, at *4 (E.D. La. Jan. 17, 2017) (Engelhardt, J.).

Once a defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000, a "plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem., Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (internal quotation marks omitted). Any doubts about the jurisdictional facts supporting removal "are to be construed against removal and in favor of remand to state court." *Riley v. Wal-Mart, La.*, No. 15-5729, 2015 WL 9268160, at *1 (E.D. La. Dec. 21, 2015) (Africk, J.).

## B.

As the Court previously explained, Wallace alleges in her petition that she "suffered physical injuries to her head, her back, and her right shoulder, her neck and her right side" resulting from a third-party criminal act for which she seeks to hold Wal-Mart accountable.[19] To that end, Wallace seeks damages for "[p]hysical and mental pain, suffering and disability (past, present and future)," "[m]edical expenses," and "[l]ost wages."[20]

Wallace's petition "does not specify any *particular* injuries which [she] suffered as a result of the accident." *Vaughn v. Todd*, 71 F. Supp. 2d 570, 572 (E.D. La. 1999) (Fallon, J.) (emphasis added); *cf. Mosley v. Am. Millennium Ins. Co.*, No. 17-3627, 2017 WL 2889369, at *2 (E.D. La. July 7, 2017) (Africk, J.) (concluding that the plaintiff "simply offers the vague allegation [in his petition] that he 'suffered and

---

[19] R. Doc. No. 1-2, at 2.
[20] *Id.*

6

continues to suffer with pain in his shoulder, neck and back, as well as injuries to his entire body,'" and that "[t]his allegation alone, without more, is insufficient to demonstrate that the jurisdictional amount is met"); *Bonck v. Marriott Hotels, Inc.*, No. 02-2740, 2002 WL 31890932, at *1-*3 (E.D. La. Dec. 30, 2002) (Vance, J.) (concluding that the jurisdictional amount is not facially apparent where the plaintiff alleges that he "suffered fractured cheek bones; a fractured jaw; broken teeth; severe head injuries; severe injuries to both shoulders, both arms, and both hands; severe neck injuries; and severe facial abrasions, lacerations and contusions," *id.* at *1, but does not allege that his "injuries required surgery" or "does not aver any period of hospitalization," *id.* at *2); *Touchet v. Union Oil Co. of Cali.*, No. 01-2394, 2002 WL 465167, at *2 (E.D. La. Mar. 26, 2002) (Sear, J.) ("The plaintiff[ ] alleges, without specificity, injuries to his 'neck, back, and other parts of his body.' There is nothing in the petition to suggest the level of severity of these alleged injuries.").

Further, Wallace's "list of damages is a typical listing of damage categories that a prudent attorney will include in his petition when medical treatment or complaints of pain are ongoing." *Id.* While "the types of damages alleged by [Wallace] generally assist in establishing the amount in controversy required by § 1332, such allegations alone, unaccompanied by pertinent factual detail, 'simply provide [ ] the usual and customary damages set forth by personal injury plaintiffs and do[ ] not provide the Court with any guidance as to the actual monetary amount of damages [Wallace has] or will incur.'" *Maze*, 2017 WL 164420, at *4 (alterations in original in part); *see also Vaughn*, 71 F. Supp. 2d at 572 ("The[ ] itemization of claims includes

permanent disability, medical expenses, and lost wages. While the plaintiffs' list is extensive, there is no evidence as to the nature or extent of any of the claims."). The Court therefore concludes that it was not facially apparent from the allegations in Wallace's petition that the amount in controversy exceeds $75,000.

## C.

However, the discovery produced to Wal-Mart by Wallace on February 6, 2018 showed that Wallace had *already* incurred approximately $52,000 in medical expenses for which she intends to hold Wal-Mart liable.[21] Courts have held that surgical cost estimates *less* than $52,000, when coupled with allegations similar in material respects to Wallace's allegations, are sufficient to satisfy the jurisdictional amount requirement. *Cf. Muse v. Lowe's Home Ctrs., Inc.*, No. 11-01481, 2011 WL 5025326, at *1 (E.D. La. Oct. 21, 2011) (Lemelle, J.) ("On May 27, 2011, Defendant received Dr. Wyatt's surgical recommendation and estimate of surgical costs, which totaled over $29,000. The projected surgical costs, combined with Plaintiff's request for 'past and future wage loss, past and future medical costs, as well as hedonic and general damages' was sufficient to meet the jurisdictional minimum for removal."). Based on Wallace's discovery responses and allegations, the Court concludes that the amount in controversy exceeds $75,000.

The Court further concludes that Wal-Mart's removal was timely. "A discovery response may constitute an 'other paper' under [§ 1446(b)(3)], notifying defendant of an action's removability and triggering the 30-day removability period." *Cole ex rel.*

---

[21] *See* R. Doc. No. 11, at 4.

8

*Ellis v. Knowledge Learning Corp.*, 416 Fed. App'x 437, 440 (5th Cir. 2011) (per curiam) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996), and *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992)). Because Wal-Mart could "first . . . ascertain[ ] that the case is one which is or has become removable" only after its receipt of Wallace's discovery responses on February 6, 2018, the 30-day window to remove the case commenced on that date. 28 U.S.C. § 1446(b)(3). Wal-Mart removed the case well within that window.

### IV.

For the foregoing reasons,

**IT IS ORDERED** that Wallace's motion to remand is **DENIED**.

New Orleans, Louisiana, March 29, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**